UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-cr-117 (KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| JASON DODD BULLARD, | |
| Defendants. | |

On October 12, 2023, the Court sentenced Jason Bullard, the defendant in the above-captioned case, to a term of imprisonment of 51 months, followed by three years of supervised release. He began service of that sentence on January 11, 2024, and according to the Bureau of Prisons, he is scheduled for release on January 11, 2027.

Mr. Bullard has moved the Court to recommend to the Bureau of Prisons that he be afforded the greatest available amount of time in a Residential Reentry Center (RRC), generally described as a halfway house. (ECF 53) The Court denies this request.

The Court does not doubt that Mr. Bullard is "capable of reform and rejoining law-abiding society," as he mentions in his motion. And the Court agrees that RRCs have "superior transitional programs to help inmates rebuild their ties to the community and prepare for life after incarceration." Indeed, the Court hopes that the Bureau of Prisons will provide Mr. Bullard with excellent programming and transitional support, both within the prison and at the eventual halfway house placement. However, the Court does not control anything about the BOP's decision regarding when someone should be

transferred from a prison to a halfway house. Such an assessment depends on a variety of factors and considerations, most of which post-date sentencing. Undoubtedly, the primary factors for the BOP to consider include how a person has behaved during his time in custody, whether he has participated in programing, whether he has earned good time credits and First Step Act time credits, and whether he has received discipline. The Court is unable to weigh in on any of those factors.

The statutory provisions Mr. Bullard cites in his motion, 18 U.S.C. §3621(b)(4)(A) & (B), address recommendations made at the time of sentencing or in the sentencing document. At that time, courts often recommend "a type of penal or correctional facility as appropriate." Indeed, the Court issued such a recommendation – as requested by Mr. Bullard – at the time of his sentencing. (ECF 40, p. 2) The Court is unaware of any process by which district courts can make mid-sentence recommendations to the BOP about halfway house time; perhaps more importantly, the Court is unaware of any practice on the part of the BOP to consider such recommendations at all.

Although the Court denies Mr. Bullard's request, it continues to hope that his sentence passes smoothly, and that he takes advantage of all programming and opportunities the BOP has to offer, whether they result in early release or not.

Date: July 7, 2025                              *s/Katherine M. Menendez*
                                                Katherine M. Menendez
                                                United States District Judge